Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA MORALES,** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF THE PENNSYLVANIA FAIR** |
| vs. | ) | **CREDIT EXTENSION** |
| | ) | **UNIFORMITY ACT,** |
| **THE RESOURCE CENTER, INC.,** | ) | **PENNSYLVANIA UNFAIR TRADE** |
| | ) | **PRACTICES AND CONSUMER** |
| Defendant. | ) | **PROTECTION LAW, AND** |
| | ) | **FEDERAL FAIR DEBT** |
| _____ | ) | **COLLECTION PRACTICES ACT** |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Furthermore, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Patricia Morales ("Plaintiff"), is a natural person residing in Montgomery County in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, The Resource Center, Inc., ("Defendant") with its principle place of business in the Bucks County in the state of Pennsylvania, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In May 2012, Defendant contacted Plaintiff at (215) 350-0503, in connection with an attempt to collect an alleged debt.

7. Defendant contacted Plaintiff at times and places that were known or should have been known to be inconvenient, including but not limited to, calling multiple times per day and calling after 9pm, with calls at 10pm and 12am.

8. Defendant contacted Plaintiff with such a frequency as to constitute harassment under the circumstances, including but not limited to, multiple calls per day.

9. Defendant contacted Plaintiff's sister, Lisa Allen, a third party to this action, for purposes beyond obtaining Plaintiff's location information.

10. Defendant contacted Plaintiff's sister, Lisa Allen, a third party to this action, in connection with an attempt to collect the alleged debt.

11. Defendant contacted Plaintiff's sister, Lisa Allen, a third party to this action, and disclosed the true identity of Defendant and the existence of an alleged debt owed by Plaintiff, without being expressly requested.

### COUNT I: VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

12. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

13. The Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA") 73 P.S. § 2270.1 *et seq.* prohibits harassing and deceptive conduct by creditors while engaging in the practice of collecting a debt from consumers.

14. Section 2270.5 of the PaFCEUA allows consumers to recover damages against creditors who engage in unfair and deceptive debt collection practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTCPL").

15. Plaintiff is a "consumer" as defined by § 2270.3 of the PaFCEUA.

16. Defendant is a "creditor" as defined by § 2270.3 of the PaFCEUA.

17. Defendant's conduct violated the PaFCEUA in multiple ways, including but not limited to:

    a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff;

    b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff;

    c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    d) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information;

    e) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested;

    f) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff;

    g) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff;

    h) Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b.

18. As a result of the above violations of the PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT II: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

19. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

20. Defendant's conduct as set forth above constitutes an unfair or deceptive practice within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq.

21. Defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law has caused Plaintiff to suffer the damage set forth hereinabove.

22. Plaintiff is entitled to triple damages and attorneys' fees as a result of Defendant's conduct, pursuant to 73 P.S. §201-9.2.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)

   d) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

    e) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

    f) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b))

    g) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

    h) Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b (§1692c(b)).

25. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of December, 2012.

By:    /s/ Cynthia Z. Levin
**Cynthia Z. Levin, Esq. (PA 27050)**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**